Harold L. WILBORN, Plaintiff–Appellant,

v.

John ASHCROFT, Attorney General; et al., Defendants–Appellees.

No. 02–56711.

D.C. No. CV–99–02617–IEG.

United States Court of Appeals, Ninth Circuit.

Submitted July 21, 2003.*

Decided July 24, 2003.

Before LEAVY, HAWKINS, and RAWLINSON, Circuit Judges.

## MEMORANDUM**

Harold L. Wilborn appeals pro se the district court's summary judgment in favor of defendants in his action alleging discriminatory failure to promote based on race and disability under Title VII and the Rehabilitation Act. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Mabe v. San Bernardino County,*

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

237 F.3d 1101, 1106 (9th Cir.2001), and we affirm.

The district court properly granted summary judgment on Wilborn's claim he was not promoted to the Supervisory Law Enforcement Communications Assistant position ("GS–9 position") due to his race, because Wilborn failed to raise a genuine issue of material fact as to whether he was qualified for the position. *Chuang v. Univ. of Cal. Davis Bd. of Tr.*, 225 F.3d 1115, 1123–24 (9th Cir.2000).

The district court properly granted summary judgment on Wilborn's claim that defendants failed to promote him to Shift Supervisor ("GS–8 position") due to his race because Wilborn failed to raise a genuine issue of material fact as to the defendants' non-discriminatory reason for not promoting him. *See id.* at 1127 (internal citation omitted).

The district court properly granted summary judgment as to Wilborn's hostile work environment claim because Wilborn failed to present any evidence that he was subjected to verbal or physical conduct of a harassing nature. *See Pavon v. Swift Transp. Co.*, 192 F.3d 902, 908 (9th Cir. 1999).

The district court properly granted summary judgment to defendants on Wilborn's Rehabilitation Act claim because Wilborn failed to show that his spinal disc condition substantially limits a major life activity, and is thus a disability within the meaning of the Act. *See Mustafa v. Clark County Sch. Dist.*, 157 F.3d 1169, 1174 (9th Cir. 1998).

The district court also properly granted summary judgment as to Wilborn's retaliation claim because Wilborn failed to raise a genuine issue of material fact that he was retaliated against for engaging in a pro-

tected activity. *See Hashimoto v. Dalton*, 118 F.3d 671, 679 (9th Cir.1997).

The district court did not abuse its discretion in denying Wilborn's motion for default judgment because the defendant had not been properly served with Wilborn's second amended complaint. *See Speiser, Krause & Madole P.C. v. Ortiz*, 271 F.3d 884, 886 (9th Cir.2001).

The district court did not abuse its discretion in denying Wilborn's request for appointment of counsel. *See Bradshaw v. Zoological Soc'y of San Diego*, 662 F.2d 1301, 1305 (9th Cir.1981) (Title VII); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir.1991) (court-appointed counsel).

Wilborn's remaining contentions lack merit.

**AFFIRMED.**